UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRINKLEY L. BRIDGES,

        Petitioner,

v.                                                          Case No. 19-C-1146

WARDEN RANDALL HEPP,

        Respondent.

---

## SCREENING ORDER

---

Petitioner Brinkley L. Bridges, who is currently incarcerated at Fox Lake Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted after entering a guilty plea in Milwaukee County Circuit Court, Case No. 2015CF575, on five counts: possession with intent (Heroin >50g;); possession with intent (Cocaine >15-40g); possession with intent (THC >200-1000g); and two counts of felon in possession of a firearm. Petitioner was sentenced to 18 years of initial confinement and 20 years of extended supervision. Petitioner seeks to challenge this conviction. Petitioner filed with his petition an application for leave to proceed *in forma pauperis*. He has also, however, submitted the $5 filing fee. Because he paid the filing fee, his request to proceed in forma pauperis will be denied as moot.

The court must give the petition prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

"Habeas corpus petitions must meet heightened pleading requirements . . . ." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). The petition must "specify all the grounds for relief available to the moving party," and "state the facts supporting each ground." 28 U.S.C. § 2254, Rule 2(c); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("The § 2254 Rules and the § 2255 Rules mandate 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a)."). The reason for the heightened pleading requirement in habeas cases, as the Eleventh Circuit noted in *Borden*, is obvious:

> Unlike a plaintiff pleading a case under Rule 8(a), the habeas petitioner ordinarily possesses, or has access to, the evidence necessary to establish the facts supporting his collateral claim; he necessarily became aware of them during the course of the criminal prosecution or sometime afterwards. The evidence supporting a claim brought under the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), for example, may not be available until the prosecution has run its course. The evidence supporting an ineffective assistance of counsel claim is available following the conviction, if not before. Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition.

*Id.* at 810. Were the rule otherwise, federal habeas would be transformed into "a vehicle for a so-called fishing expedition via discovery, an effort to find evidence to support a claim." *Id.* at 810 n.31. There is no reason that a petitioner in a § 2254 case should lack knowledge of the facts underlying his claim for federal relief, since he must have first given the state courts a full and fair opportunity to address it before a federal court can even consider it.

A federal court is authorized to grant habeas corpus relief to a state prisoner only upon a showing that "he is in custody in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2254(a). The granting of such relief by federal courts is further limited by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which "significantly constrain any federal court review of a state court conviction." *Searcy v. Jaimeti*, 332 F.3d 1081, 1087 (7th Cir. 2003). Under AEDPA, habeas corpus relief for persons serving sentences imposed by state courts may not be granted on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); *see also Woods v. Donald*, 135 U.S. 1372, 1376 (2015). A state court decision is "contrary to . . . clearly established Federal law" if the court did not apply the proper legal rule, or, in applying the proper legal rule, reached the opposite result as the Supreme Court on "materially indistinguishable" facts. *Brown v. Payton*, 544 U.S. 133, 141 (2005). A state court decision is an "unreasonable application of . . . clearly established Federal law" when the court applied Supreme Court precedent in "an objectively unreasonable manner." *Id.* This standard is an "intentionally" difficult standard to meet. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct. at 1376 (quoting *Harrington*, 562 U.S. at 103).

The petition raises five grounds for relief, all of which derive from the alleged ineffectiveness of Petitioner's counsel for failure to challenge the purported invalidity of the search

3

warrant obtained to monitor Petitioner's cell phone. First, Petitioner claims that his trial counsel was ineffective for failure to move to suppress evidence derived from illegal tracking of Petitioner's cell phone and from a custodial statement. Second, Petitioner asserts that his trial counsel "failed to address" the police's obtaining a search warrant without probable cause and based on a misrepresentation in a police affidavit designed to manufacture such cause. Dkt. No. 1 at 5. Third, Petitioner claims his trial counsel did not address the police's reliance on statements of a confidential informant used to obtain a search warrant without corroborating the informant's reliability or credibility. Fourth, Petitioner claims that his guilty plea was not knowingly, intelligently, or voluntarily entered because he was prejudiced by his counsel's errors described in Ground One. Lastly, Petitioner asserts that his counsel failed to address how his Mirandized statement was not attenuated from the search and should have been suppressed. These grounds are all different iterations of ineffective assistance of counsel claims, which are cognizable under § 2254, and since they are all based upon the claim that trial counsel was ineffective for failing to challenge the warrant authorizing the use of a tracking device for Petitioner's phone, it is to that issue that I turn.

Petitioner did not furnish copies of the official records or relevant state court opinions with his petition as required by Section II of this Court's standard form petition for writ of habeas corpus. *See* Rule 2(d), Rules Governing § 2254 Cases; 28 U.S.C. § 2254(g). The Court has obtained the pertinent records, however, from the Wisconsin Court System Consolidated Court Automation Programs (CCAP). Wisconsin Court System – Consolidated Court Automation Programs, https://www.wicourts.gov/courts/offices/ccap.htm (last visited September 25, 2019). The Wisconsin Court of Appeals reviewed Petitioner's arguments with the trial court record and

4

dismissed Petitioner's claim of ineffective assistance of counsel based on his challenge to the search warrant that he raises again with this Court. *State v. Bridges*, 2018 WI App 66, ¶ 20, 384 Wis. 2d 415, 921 N.W.2d 522, *review denied*, 2019 WI 8, ¶ 3, 385 Wis. 2d 208, 923 N.W.2d 159. The Wisconsin Supreme Court denied Petitioner's petition for review on December 12, 2018.

A review of the decision of the Wisconsin Court of Appeals affirming Petitioner's conviction and the order denying his motion for postconviction relief reveals that the state court's decision was neither contrary to, nor an unreasonable application of, clearly established federal law. The court noted that the affidavit supporting the warrant for the tracking device established probable cause to believe that Petitioner was involved in an ongoing drug trafficking operation. A confidential informant had reported to police that Petitioner sold heroin out of a business named C&B Computers and was traveling to Chicago every three weeks to obtain a kilogram of heroin and sometimes cocaine as well. The informant made statements against penal interest about his own participation in the distribution of heroin, indicating the price and amount of heroin he purchased from Petitioner, delivery arrangements, and the date and time of the most recent delivery. The informant estimated the total amount of heroin he had received from Petitioner at one-half kilogram. He provided police with Petitioner's mobile phone number and his address. Police were able to corroborate the phone number, the location of the business, and the address of Petitioner's residence.

In rejecting Petitioner's claim that his trial counsel provided ineffective assistance in failing to challenge the warrant, the Wisconsin Court of Appeals concluded that this evidence was sufficient to establish the probable cause to believe that criminal activity was in progress and that tracking Petitioner's communications device would yield information relevant to an ongoing

5

investigation, as Wis. Stat. § 968.373(3)(e) required. In reaching its conclusion the state court explicitly cited and applied the totality of the circumstances test for probable cause set forth in the Supreme Court's decision in *Illinois v. Gates*, 462 U.S. 213 (1983). *State v. Bridges*, 2018 WI App 66, ¶ 10. The court noted that the informant's statements to police were against his penal interest and specific details provided by the informant were corroborated by the police.

Under *Gates*, this is sufficient to establish probable cause. At least, the state court's conclusion was not contrary to or an unreasonable application of clearly established federal law. *See United States v. Harris*, 403 U.S. 573, 583 (1971) ("People do not lightly admit a crime and place critical evidence in the hands of the police in the form of their own admissions. Admissions of crime, like admissions against proprietary interests, carry their own indicia of credibility—sufficient at least to support a finding of probable cause to search.") (plurality opinion); *United States v. Barnes*, 909 F.2d 1059, 1069 (7th Cir. 1990) (noting than an informant's admission against his penal interest supports the informant's credibility). The fact that the informant did not state that Petitioner uses his phone to conduct his drug trafficking operation does not detract from the probable cause. Police were seeking to track Petitioner, not listen in on his phone conversations. And because any challenge to the warrant authorizing police to track his phone would have been without merit, Petitioner's trial counsel was not ineffective in failing to seek to suppress evidence on that basis. It follows that Petitioner's claim of ineffective assistance of counsel in all its iterations must fail.

**IT IS THEREFORE ORDERED** that Petitioner's request for leave to proceed *in forma pauperis* (Dkt. No. 3) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases.

Finding no substantial showing of the denial of a constitutional right, a certificate of appealability is denied. The Clerk is directed to enter judgment denying the petition and dismissing the action. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. In the event Petitioner decides to appeal, he should also request the court of appeals to issue a certificate of appealability. Fed. R. App. P. 22(b).

Dated this   25th   day of September, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court