UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRINKLEY L. BRIDGES,

    Petitioner,

v.                                                                                                      Case No. 19-C-1146

WARDEN RANDALL HEPP,

    Respondent.

## ORDER DENYING MOTION FOR RECONSIDERATION

Petitioner Brinkley L. Bridges filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 8, 2019. On September 25, 2019, the court summarily denied the petition and dismissed the case based upon its conclusion that the petition and the attached exhibits, to which the court added the decision of the Wisconsin Court of Appeals, revealed that he was plainly not entitled to relief. On October 7, 2019, Bridges filed a Motion for Reconsideration pursuant to Fed. R. Civ. P. 60(b). In his motion, Bridges argues that the court's reasoning that Wis. Stat. § 968.373(3)(e) was a permissible mechanism to track Petitioner's phone violates the U.S. Supreme Court ruling in *Carpenter v. United States*, 138 S. Ct. 2206 (2018).

In *Carpenter*, the Court held that seven days of historical cell-site location information (CSLI) obtained from a wireless carrier pursuant to an order issued under the Stored Communications Act (SCA), was the product of a search, and that, in order to obtain such information, the government was required to obtain a search warrant supported by probable cause. Under the SCA, the government was statutorily authorized to compel disclosure of such information when it offered "specific and articulable facts showing that there are reasonable grounds to believe

that the records sought are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Bridges argues that *Carpenter* compels the conclusion here that the police activity in obtaining an order authorizing a cell phone tracking search warrant pursuant to Wis. Stat.§ 968.373(3)(e) was unconstitutional.

But unlike the SCA, § 968.373 requires probable cause for the issuance of an order allowing such a tracking device. Here, the issuing court found probable cause and the Court of Appeals found its conclusion was not unreasonable. For this reason, Bridges' trial counsel was not ineffective in failing to raise the issue at trial. In addition, I note that *Carpenter* was not decided until June 22, 2018. In other words, this was not the law at the time that counsel for Bridges was making the determination of whether to seek such relief. For this reason as well, the Motion for Reconsideration is denied.

**SO ORDERED** this  29th  day of November, 2019.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court
